IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LISA JAN ALVAREZ | ) | Bankruptcy Case No. |
| a/k/a | ) | 05-48474-drd |
| THE RENOVA GROUP, INC. | ) | |
| a/k/a | ) | |
| 31ST STREET HOLDING COMPANY LLC, | ) | |
| | ) | |
| Debtor. | ) | Adv. No. 06-04031-drd |
| | ) | |
| KEVIN and KRISTIN MCARDLE | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| LISA JAN ALVAREZ | ) | |
| a/k/a | ) | |
| THE RENOVA GROUP, INC. | ) | |
| a/k/a | ) | |
| 31ST STREET HOLDING COMPANY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion for summary judgment filed by Kevin and Kristin McArdle ("Plaintiffs") against Lisa Jan Alvarez a/k/a The Renova Group, Inc. a/k/a 31st Street Holding Company, LLC ("Debtor"). Plaintiffs assert that they are entitled to summary judgment on the issue of dischargeability of a debt owed to them by Debtor pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court finds the debt owed by Debtor nondischargeable pursuant to § 523(a)(2)(A) and grants Plaintiffs' motion for summary judgment.

# I.  STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970).  Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts.").  In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).  Rather, the court's clear duty first is to ascertain whether the case features genuine issues of material facts. *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir.1980).  If so, a trier of fact must resolve those issues. *Celotex v. Catrett*, 477 U.S. at 322.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On or about June 9, 2004, Debtor entered into a contract with Plaintiffs to act as the construction manager on Plaintiffs' home remodel project ("Agreement").[1]  Thereafter, Plaintiffs became aware of some problems associated with Debtor making payments to subcontractors pursuant to the Agreement, which ultimately resulted in Debtor resigning as the construction manager and Plaintiffs filing, on September 22, 2004, a Petition in the Circuit Court of Jackson County, Missouri, Associate Circuit Division, alleging claims for breach of contract, declaratory judgment for contractual indemnity, and fraud against Debtor ("State Court Action").  Debtor participated in the State Court Action by filing an answer, discovery requests, a motion for summary judgment, as well as various other pleadings and responses.  On August 31, 2005, a trial was scheduled in the State Court Action for September 26, 2005, and notice of the same was sent via U.S. Postal Service and Certified Mail to Debtor's last known address.   Debtor did not appear at the trial in the State Court Action.  The state court judge heard evidence, determined all the averments set forth in the petition in the affirmative and entered a Default Judgment in favor of Plaintiffs, specifically finding that fraud was committed on the Plaintiffs by Debtor and that Plaintiffs were damaged by the same in the total amount of $51,395.86 ("Judgment").[2]

On October 11, 2005, Debtor filed a voluntary petition for relief under Chapter 7 of the

---

[1] Unless otherwise stated, all facts set forth herein are derived from the Statement of Uncontroverted Material Facts section of Plaintiffs' Motion for Summary Judgment ("Motion").

[2] See State Court Trial Transcript, attached as Exhibit B1 to the Motion.

Bankruptcy Code.  The Judgment is included on Debtor's Schedule F as a claim which Debtor

intends to discharge in her bankruptcy.  On January 13, 2006, Plaintiffs filed a Complaint to

Deny Discharge Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).


### III.  DISCUSSION AND ANALYSIS

In their Motion, Plaintiffs argue the Judgment is nondischargeable pursuant to

 § 523(a)(2)(A) because the State Court Action resulted in a judgment against Debtor, both

personally and in her corporate capacity, for damages caused by her fraudulent conduct, and thus

the doctrine of collateral estoppel prevents her from re-litigating these issues before this Court.

The Supreme Court has held that the doctrine of collateral estoppel is applicable in

dischargeability proceedings.  *See Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991).  When

determining whether collateral estoppel arises from a prior state court judgment, federal courts

apply the law of the state in whose courts the prior judgment was entered.  *See Factors v. Calvert*

*(In re Calvert)*, 105 F.3d 315, 219 (6th Cir.1997)( holding that the Full Faith and Credit Statue

directs federal court to refer to the preclusion law of the state in which the judgment was

rendered); *see also Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17, 19 (4th Cir.1997).

Under Missouri law, collateral estoppel, also referred to as issue preclusion, has four

elements: (1) the issue decided in the prior adjudication mirrors that in the present action; (2) the

prior adjudication resulted in a final decision on the merits; (3) the party against whom collateral

estoppel may apply participated as a party or in privity with a party to the prior adjudication; and

(4) the party against whom the doctrine may apply has had a full and fair opportunity to litigate

the issue. *Galaxy Steel & Tube v. Douglass Coal & Wrecking*, 928 S.W.2d 420, 422

(Mo.Ct.App.1996).

The facts of this case fit squarely with each of the elements of collateral estoppel under

Missouri law.  First, Plaintiffs assert that the Judgment is nondischargable pursuant to

§ 523(a)(2)(A).  Section 523(a)(2)(A) provides:

> A discharge under 727. . . of this title does not discharge an individual debtor
> from any debt-
>
>> (2) for money, property, services, or an extension, renewal, or refinancing of
>> credit, to the extent obtained by-
>>
>>> (A) false pretenses, a false representation, or actual fraud, other
>>> than a statement respecting the debtor's or an insider's
>>> financial condition. . . .

A creditor proceeding under § 523(a)(2)(A) must prove the following elements: (1) the

debtor made false representations; (2) the debtor knew the representations to be false at the time

the debtor made them; (3) the debtor made the representations with the intention and purpose of

deceiving the creditor; (4) the creditor actually relied on the debtor's representations; and (5) the

creditor sustained the alleged injury as the proximate result of the making of the representations.

*In re Van Horne*, 823 F.2d 1285, 1287 (8th Cir. 1987), as modified by *In re Ophaug*, 827 F.2d

340, 343 (8th Cir. 1987); *In re Newell*, 164 B.R. 992, 995 (Bankr. E.D. Mo. 1994); *In re*

*Anderson*, 181 B.R. 943, 948 (Bankr. D. Minn. 1995).

In Count III of the State Court Action, Plaintiffs asserted and the state court judge found

the following:

34.   Per the parties' Agreement, Ms. Alvarez was to timely pay the subcontractors doing work
on the Project in accordance with the "milestone" payments.

35.   Ms. Alvarez affirmatively represented to the McArdles, by signing the partial lien
waivers, the subcontractors had been paid for all of their equipment, materials, and labor
to the date of the "milestone" payment.

36.    Ms. Alvarez's affirmative representations were false and misleading because the subcontractors had not been paid in accordance with the "milestone payments."

37.    The McArdles could not have known that Ms. Alvarez's affirmative representations might be false and misleading.

38.    The McArdles relied on Ms. Alvarez's affirmative representations and had the right to rely on them.

39.    Because Ms. Alvarez's affirmative representations were false and misleading, the McArdles have and will suffer damages as a direct and proximate result.[3]

The issue of fraud litigated in the State Court Action mirrors the issue presented by Plaintiffs'

§ 523(a)(2)(A) dischargeability complaint.

Second, the State Court Action resulted in a Default Judgment, which, because Debtor

filed an answer and various other pleadings in the case, constitutes a final determination on the

merits.    According to the Missouri Supreme Court, where a defendant files an answer, but then

fails to appear for trial, a judgment entered is not for default, but rather, it is a judgment on the

merits. *Cotleur v. Danzinger*, 870 S.W.2d. 234, 237 (Mo. 1994), *citing Ozark Mountain Timber

Products, Inc. v. Redus*, 725 S.W.2d 640 (Mo.App.1987); *Ward v. Davis*, 701 S.W.2d 192

(Mo.App.1985); *Meyerhardt v. Fredman*, 131 S.W.2d 916 (Mo.App.1939).  Lastly, Debtor

participated in the State Court Action by filing an answer and other pleadings, was provided

notice of the trial date and thus had a full and fair opportunity to litigate the issues.

In her response to the Motion, Debtor does not dispute any of the uncontroverted material

facts asserted regarding fraud, but rather, she argues that the Judgment is only against the

corporation The Renova Group, Inc., and not against her personally.  This response is

particularly problematic because the state court judge specifically found in favor of Plaintiffs and

---

[3] See Petition, attached as Exhibit A to the Motion.

against "Lisa Alvarez d/b/a The Renova Group and The Renova Group, Inc., jointly and severally."[4]   Paragraph 2 of the state court petition states: "...Ms. Alvarez had been the president of Renova Group, Inc., a Missouri corporation.  Renova Group, Inc., however, was dissolved on February 18, 2004 for a failure to file an annual report.  Because Ms. Alvarez continued to operate Renova Group, Inc., she is personally liable pursuant to Mo.Ann.Stat. § 351.486[5] and Missouri Law".[6]  Because the state court judge found each of the averments in the petition, including paragraph 2, in the affirmative, the question of personal liability has already been litigated and Debtor may not re-litigate this issue in this Court.  The Court concludes that the issues of fraud and personal liability were actually litigated in the State Court Action, which resulted in a final judgment on the merits.  Because Debtor would be precluded from re-litigating these issues in the state court, she is precluded from re-litigating them before this Court.

Plaintiffs argue in the alternative that the Judgment is nondischargeable for willful and malicious conduct under § 523(a)(6).  Because the Court finds the Judgment nondischargeable pursuant to § 523(a)(2)(A), it is not necessary to engage in a § 523(a)(6) analysis.

Therefore, for the reasons stated above, Plaintiffs' Motion for Summary Judgment is granted and the Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).   This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law.  A

---

[4]  See State Court Trial Transcript, attached as Exhibit B1 to the Motion.

[5]  Mo.Ann.Stat. § 351.486 states in relevant part: A corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under section 351, 476 and notify claimants under sections 351.478 and 351.482 and any officer or director who conducts business on behalf of a corporation so dissolved except as provided in this sectin shall be personally liable for any obligation so incurred.

[6] See Petition, attached as Exhibit A to the Motion.

separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

ENTERED this the 25th day of May 2006.

/s/ Dennis R. Dow

THE HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Copies to:
Christian J. Kelly
Lisa Jan Alvarez